### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Chaim S. Sprei,<br><br>     Plaintiff,<br><br><br>  -against-<br><br>Equifax Information Services, LLC; and<br>Experian Information Solutions, Inc.;<br><br>     Defendant(s). | Case No.: 1:22-cv-5164<br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |

Plaintiff Chaim S. Sprei, by and through counsel, as and for this Complaint against Defendants Equifax Information Services, LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian") (Equifax and Experian, each a "Bureau" and collectively "Bureaus"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, respectfully sets forth, complains, and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and Defendants transact business here.

3. Plaintiff, on behalf of the putative class, brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 et seq., also known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4.      Plaintiff is a resident of the State of New York, County of Kings.

5.      At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

6.      Defendant Equifax Information Services, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7.      Equifax is a Georgia corporation registered to do business in this State.

8.      Equifax may be served with process c/o Corporation Service Company, 80 State Street, Albany, NY 11207.

9.      Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

10.     At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

11.     Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

12.     Experian is an Ohio corporation registered to do business in this State.

13.     Experian may be served with process upon its registered agent at c/o CT Corporation System, 28 Liberty Street, New York, NY 10005.

14.     Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling,

evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

15.    At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

## CLASS ALLEGATIONS

16.    Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3):

    a.   all individuals with addresses in the State of New York;

    b.   whose consumer report or credit file contained two or more social security numbers;

    c.   with one or more inquiries for some or all of the consumer's credit information; and

    d.   which inquiries were made on or after a date two (2) years prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

17.    The identities of all class members are readily ascertainable from the records of Defendants.

18.    Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

19.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' actions as described below violate 15 U.S.C. § 1681 et seq.

20.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

21.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a.    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above are so numerous that joinder of all members would be impractical.

    b.    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' actions as described below violate 15 U.S.C. § 1681 *et seq*.

    c.    **Typicality:** The Plaintiff's claims are typical of the claims of each class member. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d.    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits,

complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

22.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

24.    Plaintiff incorporates the above allegations as if set forth here.

25.    Plaintiff recently reviewed his credit report.

26.    What Plaintiff saw filled him with dread.

27.    There are accounts showing on his credit report that are not his.

28.    One of the accounts appearing on his credit report was an HSBC Bank account number beginning 52133 and ending in 5823 ("Account").

29.    There was another account from American Express ending in 4553.

30.    Neither of these accounts belong to Plaintiff.

31.    Plaintiff never had these accounts with HSBC Bank or American Express.

32.    The American Express account is not his.

33.    The HSBC Bank account is not his.

34.    It was incorrectly appearing on his credit report.

35.    The HSBC Account is showing as charged-off account on Plaintiff's credit report.

36.    The Account is showing a charged-off balance of more than forty-five thousand dollars.

37.    Upon further inspection of his credit report, Plaintiff realized there was much information there that did not belong to him.

38.    It appears that Plaintiff's credit file with each Bureau has been mixed with another individual.

39.    There are addresses in Plaintiff's credit file that are not his.

40.    One address is 4403 15th Ave, Brooklyn, NY 11219.

41.    Another address is 1208 Royal Sire Ct, Toms River NJ, 08755.

42.    There are accounts in Plaintiff's credit file that are not his.

43.    There are negative accounts in Plaintiff's credit file that are not his.

44.    There are numerous accounts and other information on his report that had no connection to Plaintiff.

45.    Plaintiff's credit report was showing accounts from another person.

46.    The information described above, published by each Bureau, is inaccurate.

47.    Each Bureau has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

48.    On information and belief, on date(s) better known to each Bureau, it issued credit reports concerning the Plaintiff that included the respective information described above.

49.    The information published by each Bureau is and was inaccurate.

50.    Each Bureau has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

51.    Each Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

52.    Had each Bureau maintained reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report the above-referenced information would not have appeared on Plaintiff's credit report.

53.    Upon information and belief, each Bureau shared Plaintiff's personal credit information with the person whose information appears on her report and/or others.

54.    Upon information and belief, each Bureau furnished Plaintiff's credit report to persons or businesses that did not have permissible purpose to receive Plaintiff's credit report.

55.    Each Bureau violated 15 U.S.C. § 1681b (a) by providing Plaintiff's credit report to third parties without a permissible purpose.

56.    Each Bureau violated 15 U.S.C. § 1681e (a) by providing Plaintiff's credit report to person(s) without having reasonable grounds for believing that the consumer report will be used for a permissible purpose.

57.    A mixed file is a consumer report in which some or all of the information in the report pertains to a person other than the person who is the subject of the report.

58.    Upon information and belief, having a mixed or merged consumer credit file is an unfortunately common occurrence for Defendants.

59.    Defendants are aware of this issue.

60.    Yet, each Bureau has not taken adequate steps to remedy the problems.

61.    Unlike the Bureaus, non-party TransUnion did not have these issues on Plaintiff's credit report.

*Damages*

62.    As a result of each Bureau's failure to comply with the FCRA, Plaintiff has been damaged.

63.    Plaintiff suffered damage to his reputation as it falsely appears as if he had much larger debts than in reality.

64.    Plaintiff suffered damage to his reputation as it falsely appears as if is delinquent on debt that was never his.

65.    This false information was published to numerous third-parties.

66.    This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful business, trade, or profession.

67.    Plaintiff suffered damage to his right of privacy as his personal information was provided to others without a permissible purpose.

68.    Upon information and belief, when the person with the social security number that does not belong to Plaintiff applied for credit, the credit grantor received Plaintiff's personal information from each Bureau.

69.     Upon information and belief, when the person with the social security number that does not belong to Plaintiff requested their consumer disclosure, they received Plaintiff's personal information from each Bureau.

70.     Plaintiff spent time dealing with this incorrect information on his credit report.

71.     During this time, and because of this, Plaintiff suffered emotional harm because of each Bureau's improper acts.

72.     Upon information and belief, Plaintiff's credit utilization ratio is incorrect due this misinformation.

73.     Upon information and belief, Plaintiff's total credit picture is incorrect due this misinformation.

74.     The number of open and recently closed accounts attributed to Plaintiff is also incorrect.

75.     Plaintiff was also denied when he applied for a credit card, inter alia, for having "too many delinquent past or present credit obligations", "proportion of revolving account balance(s) to credit limit or high credit is too high" and "balance owed on delinquent past or present credit obligation(s) is too high".

76.     Plaintiff has, inter alia, suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file, loss of ability to purchase and benefit from credit, emotional pain and suffering, embarrassment, invasion of privacy, frustration, being overwhelmed, angry, depressed, anxious, stressed, increased heartrate, humiliated, fearful about the misuse of his identity and that his reputation was being further damaged, and a chilling effect on future applications for credit.

**FIRSTCAUSE OF ACTION**

**(Willful Violation of the FCRA as to each Bureau)**

77.     Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

78.     This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

79.     Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that each Bureau maintained concerning the Plaintiff.

80.     Each Bureau violated 15 U.S.C. § 1681b (a) by providing Plaintiff's credit report to third parties without a permissible purpose.

81.     Each Bureau violated 15 U.S.C. § 1681e (a) by providing Plaintiff's credit report to person(s) without having reasonable grounds for believing that the consumer report will be used for a permissible purpose.

82.     Each Bureau has willfully and recklessly failed to comply with the Act.

83.     The failure of each Bureau to comply with the Act include but are not necessarily limited to:

a.   the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.    the failure to take adequate steps to verify information Bureau had reason to believe was inaccurate before including it in the credit report of the consumer;

c.   providing Plaintiff's credit report to third parties without a permissible purpose; and

d.   providing Plaintiff's credit report to person(s) without having reasonable grounds for believing that the consumer report will be used for a permissible purpose.

84.     As described above, and as a result of the conduct, action, and inaction of each Bureau, Plaintiff suffered damage as described above.

85.     The conduct, action and inaction of each Bureau was willful rendering each Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

86.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, as an individual and class representative, demands judgment in his favor against each Bureau for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to each Bureau)

87.     Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

88.     This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

89.     Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that each Bureau maintained concerning the Plaintiff.

90.     Each Bureau violated 15 U.S.C. § 1681b (a) by providing Plaintiff's credit report to third parties without a permissible purpose.

91.     Each Bureau violated 15 U.S.C. § 1681e (a) by providing Plaintiff's credit report to person(s) without having reasonable grounds for believing that the consumer report will be used for a permissible purpose.

92.    Each Bureau has negligently failed to comply with the Act.

93.    The failure of each Bureau to comply with the Act include but are not necessarily limited to:

    a.  the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.   the failure to take adequate steps to verify information Bureau had reason to believe was inaccurate before including it in the credit report of the consumer;

    c.  providing Plaintiff's credit report to third parties without a permissible purpose; and

    d.  providing Plaintiff's credit report to person(s) without having reasonable grounds for believing that the consumer report will be used for a permissible purpose.

94.    As described above, and as a result of the conduct, action, and inaction of each Bureau, Plaintiff suffered damage as described above.

95.    The conduct, action, and inaction of each Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

96.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, as an individual and class representative, demands judgment in his favor against each Bureau for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## **DEMAND FOR TRIAL BY JURY**

97.    Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the putative class, demands judgment from each Defendant as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Eliyahu Babad, Esq., as Class Counsel;

b) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

c) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

d) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

e)  For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

f) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

g) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3); and

h) For any such other and further relief as this Court may deem just and proper.


Dated:  August 30, 2022

**Stein Saks PLLC**

s/ Eliyahu Babad
By:  Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*